JULIAN W. SHAW *vs*. OTIS G. OLIVER, et als.

Lincoln.   Opinion December 31, 1914.

*Acknowledgment. Correspondence. Exceptions. Inferences. Promise. Promissory Note. Statute of Limitations.*

The question in this case is whether the letter of defendant, dated April 7, 1909, in which he said; "I have $200.00 to send you as soon as I can get out and more that I can send as soon as the pond swims my logs to the mill," removed the statutory bar.

*Held:*

1.   The theory of the law is; when a debt is barred by the statute, that the promise upon which assumpsit would before lie is not dead, but suspended, and that, by certain things done by the debtor, the suspension may be removed and the promise revived.

2.   To remove the bar, under the statute, the debtor must acknowledge the debt, or expressly promise to pay it, in writing.

3.   Acknowledgment is not a promise; it is only evidence from which a promise to pay may be implied, and upon which assumpsit may be brought.

4.   The paragraph in defendant's letter, in which he expresses his willingness to pay $200.00 when he gets out was an acknowledgment from which an inference of a promise to pay is a necessary conclusion.

On exceptions by plaintiff.   Exceptions sustained.

This is an action on a promissory note, dated January 3, 1907, for $753.00, payable in six months.   Plea, the general issue and the

Statute of Limitations.  The letters of plaintiff to defendant, dated March 25, 1909 and April 6, 1909, and the letter in reply of the defendant to plaintiff dated April 7, 1909, were admitted in evidence, and the presiding Justice ruled as matter of law that these letters were not sufficient to prevent the bar of the Statute of Limitations. To this ruling, the plaintiff excepted.  The jury returned a verdict for the defendant.

The case is stated in the opinion.

*Pierce & Hall, and A. S. Littlefield,* for plaintiff.

*George A. Cowan,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, BIRD, HANSON, PHILBROOK, JJ.

SPEAR, J.  On exceptions by plaintiff.  This is an action on a promissory note of the following tenor:

"$750.00.                    Nobleboro, Maine, Jan'y 3, 1907.

Six months after date I promise to pay Julian W. Shaw, or order, Seven hundred and fifty and no 100 dollars, for value received with interest."

The plea was the general issue and Statute of Limitations.  The decision of the case depends upon the following correspondence:

"March 25, 1909.  Mr. Otis G. Oliver.  Friend Oliver: I have not heard from you for a long time and wonder how things are progressing.  Did you do any lumber business this winter?  I presume you are as busy as ever.  The writer is obliged to make out a large sum of money the first of April and shall need to use the amount due me on the note: Can get along without it until about the tenth of April.  Trusting that you and your family are well and prospering, with kindest regards, I am, Yours, etc., J. W. Shaw."

"April 6, 1909.  Mr. Otis Oliver.  Friend Oliver: I have written you twice regarding the note.  Up to this time I have received no reply.  Did you receive my former letter?  Please advise me in regard to this.  Yours, etc., J. W. Shaw."

"Nobleboro, Me., April 7, 1909.  Mr. J. W. Shaw, Berwick, Me. My dear Mr. Shaw: Your letter came to hand all right, was glad to hear from you."  Here follows an immaterial explanation for the

delay in answering. Then the letter proceeds: "I have $200.00 to send you as soon as I can get out and more that I can send as soon as the pond swims my logs to mill. Yours truly, O. G. Oliver."

It is conceded that the case falls within the statute unless the above communication from Oliver removed the bar. We think it did. The inference is so strong that the note in suit was the note referred to in this correspondence that to hold otherwise, would do violence to the rule that authorizes inferences to be drawn from proven facts.

The only question then is: Was the letter such an acknowledgment of the debt, evidenced by the note, as warrants the inference of an implied promise to pay it? The statute reads: "In actions of debt or on the case founded on a contract no acknowledgment or promise takes the case out of the operation hereof, unless the acknowledgment or promise is express, in writing and signed by the party chargeable thereby." An erroneous interpretation of this statute seems often to have been made, by assuming that the phrases "acknowledgment" and "express promise" as used in the statute, are interchangeable terms and identical in meaning.

The theory of the law is, where a debt is barred by the statute, that the promise upon which assumpsit would before lie, is not dead, but suspended, and that, by certain things done by the debtor, the suspension may be removed and the promise revived. The things that may be done under the statute, to do this are "acknowledgment" of the debt, and an "express promise" to pay it, each, of course, in writing. And as it is the promise that is renewed, and upon which, only, assumpsit may be brought, the term acknowledgment may quite naturally be construed to mean the same as express promise. But "acknowledgment" is not so interpreted. It is not a promise. Acknowledgment of present indebtedness is but evidence from which a promise to pay may be implied. *Gray* v. *Day*, 109 Maine, at page 498.

For the distinction between "acknowledgment" and "express promise" see *Lord, Administrator,* v. *Jones,* 108 Maine, 381.

Under these decisions, as in construing other contracts, evidence of an acknowledgment or express promise may be sought from all the documents in which the acknowledgment or promise is alleged to be contained. Accordingly if from all the written evidence an acknowledgment can be found of such a character that upon it may be

predicated an implied promise to pay the debt acknowledged, such acknowledgment alone will relieve the debt from the application of the statute. Applying this rule to the paragraph in the defendant's letter in which he expresses his willingness to pay $200.00 when he gets out, we find no difficulty in deciding that it was an acknowledgment from which an inference of a promise to pay is a necessary conclusion. It is a clear, unconditional statement from which but one meaning can be naturally drawn.

*Exceptions sustained.*